979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Garcia MONTANO, Petitioner-Appellant,
v.
Charles RYAN, et al., Respondent-Appellee.
 No. 91-16677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Nov. 16, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, James Garcia Montano, incarcerated at the Arizona State Prison complex at Winslow, Arizona, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the state court violated his due process right to present a defense when it refused to provide funds to enable his attorney to travel to California to depose psychiatrists who had treated him in the past. The district court denied the petition. We affirm.
 
 
 3
 "[A] criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense." Ake v. Oklahoma, 470 U.S. 68, 77 (1985). Where an indigent defendant demonstrates "that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." Id. at 83. The Constitution does not require, however, that a defendant receive the psychiatrist of his choice or funds to hire his own. Id. Nor does it "guarantee access to a psychiatrist 'who will reach only biased or favorable conclusions.' " Harris v. Vasquez, 949 F.2d 1497, 1516 (9th Cir.1991) (quoting Granviel v. Lynaugh, 881 F.2d 185, 192 (5th Cir.1989)). The crucial inquiry is whether Montano was "denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty [was] at stake." Ake, 470 U.S. at 76.
 
 
 4
 The trial court provided four neutral psychiatrists to examine petitioner. The court offered Montano unlimited access to court telephones to interview the California doctors. It offered to provide a stenographer to copy the contents of the doctors' files. The court declared it was willing to issue subpoenas to compel the doctor's attendance at trial. Finally, the court offered to reconsider the request for funds if Montano obtained additional information indicating deposition of the California doctors were necessary.
 
 
 5
 A defendant does not have the right to present a defense on his own terms. "The State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence." Taylor v. Illinois, 484 U.S. 400, 411 (1988). The alternatives offered by the court were reasonable; they did not foreclose a fair presentation of an insanity defense.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3